UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAMELA A. PARRISH, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 4:09-CV-1458 (CEJ) |
| CARLSON WAGONLIT TRAVEL GROUP, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant Carlson Wagonlit Travel Group ("CWTG") to dismiss plaintiff's complaint. On December 4, 2009 and January 8, 2010, the Court granted plaintiff's motions for extension to file a response to defendant's motion. However, plaintiff never filed an opposition, and the time for doing so has expired.

I. **Background**

On or about September 19, 2006, plaintiff Pamela A. Parrish filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Doc. #11-3, at 3). On March 29, 2007, the Missouri Commission on Human Rights ("MCHR") issued plaintiff a Notice of Right to Sue. (Doc. #11-2). Then, on June 26, 2008, plaintiff filed a charge of discrimination with the EEOC and MCHR against CWTG, her employer. On her 2008 charge form, plaintiff checked the boxes for discrimination based on "retaliation" and "disability." (Doc. #11-3, at 3). Additionally, plaintiff provided the following narrative:

> I was hired by [Carlson Wagonlit Travel Group] on or about July 19, 2004 as a Travel Consultant. My most current job title is as senior travel counselor. On or about September 19, 2006, I filed an EEOC charge against my employer. Following the filing of my charge, my

> supervisor, Donna Cohen, denied me a reasonable accommodation and transfer[ requests]. On or about May 12, 2008, I was discharged.
>
> I was not informed why my transfer requests were denied. I was not informed why I was denied a reasonable accommodation. On or about May 12, 2008, Kelly Edwards, Sr. Director, TTS, informed me that my position was eliminated.
>
> I believe that I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act; and retaliated against for filing a previous EEOC charge, in violation of Title VII of the Civil Rights Act of 1964.

(Doc. #11-3, at 3). On August 27, 2009, the EEOC issued plaintiff a Dismissal and Notice of Rights, indicating that it was unable to conclude that the statues had been violated, and notifying plaintiff of her right to file a lawsuit in federal court within ninety days of her receipt of the notice. (Doc. #1-2, at 1).

On September 11, 2009, plaintiff brought this action against CWTG, alleging various forms of discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, including unlawful termination of employment, retaliation, and harassment. CWTG now moves to dismiss plaintiff's complaint.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S. Ct. 1955, 1965 (May 21, 2007) citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . .

dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974. See also id. at 1969 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement."). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

### III. Discussion

Defendant moves to dismiss plaintiff's unlawful termination of employment, retaliation, and harassment claims under the ADA on the ground that "[p]laintiff has failed to allege any disability whatsoever." (Doc. #11, at 1).

The ADA provides that "[n]o covered [employer] shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12122(a). The ADA defines a "qualified individual" as "an individual who, without or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). A "disability" is defined as "(A) a physical or mental that substantially limits one or more major life activities of such individual;

(B) a record of such impairment; or (C) being regarding as having such an impairment (as described in paragraph (3))." 42 U.S.C. § 12102(1).

### A. Plaintiff's Unlawful Termination Claim under the ADA

To establish a *prima facie* case of employment discrimination under the ADA, a plaintiff must prove that s/he (1) had a disability within the meaning of the ADA; (2) was qualified, without or without a reasonable accommodation, to perform the essential job functions of the position in question; and (3) suffered an adverse employment action because of the disability. Lors v. Dean, --- F.3d ----, No. 09-1382, 2010 WL 568621, *2 (8th Cir. Feb. 19, 2010) (citing Rehrs v. Iams Co., 486 F.3d 353, 356 (8th Cir. 2007)).

In her complaint, plaintiff alleges that defendant terminated her employment because of her alleged disability. Upon careful review of plaintiff's complaint and supporting attachments, the Court believes that plaintiff has failed to allege sufficient facts to establish that she suffered from a disability. Plaintiff first alleges that she "was placed on [Family Medical Leave Act,] FMLA[, leave] due to medical reasons." (Doc. #1, at 5). Then, at the end of her complaint, plaintiff claims that she "lost everything . . . due to the fact [that she] had a disability[.]" Id. at 7. However, plaintiff does not state her specific physical and/or mental impairment. Aside from her bare allegations, plaintiff offers no facts to establish that she suffered from a disability as defined under the ADA. The Court, therefore, finds that plaintiff complaint fails to state a claim of disability discrimination based on CWTG's termination of her employment.

### B. Plaintiff's Retaliation Claim under the ADA

The ADA's anti-retaliation provision states that, "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter." 42 U.S.C. § 12203(a). To establish an ADA retaliation claim, a plaintiff must prove that (1) s/he engaged in protected conduct; (2) a reasonable employee would have found the challenged retaliatory action materially adverse; and (3) the materially adverse action was casually linked to the protected conduct. Donnelly v. St. John's Mercy Med. Ctr., 635 F.Supp.2d 970, 1000 (E.D. Mo. 2009) (citing Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006); Higgins v Gonzales, 481 F.3d 578, 589 (8th Cir. 2007)).

In this case, plaintiff engaged in protected activity when she filed her first charge of discrimination with the EEOC on September 19, 2006. Subsequently, plaintiff claims that her supervisor denied her requests for reasonable accommodations and transfer. Then, CWTG discharged plaintiff on May 12, 2008. Plaintiff contends that CTWG denied her requests and terminated her employment in retaliation for filing an EEOC charge. The Court believes that plaintiff's allegations state a plausible retaliation claim. As such, the Court will not dismiss plaintiff's ADA retaliation claim against CWTG.

### C. Plaintiff's Harassment Claim under the ADA

"The ADA incorporates by reference the powers, remedies, and procedures set forth in Title VII, 42 U.S.C. § 2000e *et seq.*" McSherry v. Trans World Airlines, Inc., 81 F.3d 739, 740 n.3 (8th Cir. 1996) (per curiam) (citing 42 U.S.C. §

12117(a)). "Title VII requires employees alleging discrimination to file a charge with the appropriate administrative agency, and bars suits until the employee has received a right to sue letter. McSherry, 81 F.3d at 740 n.3 (citing 42 U.S.C. § 2000e-5(e)(1), (f)(1)). Therefore, a plaintiff must "file a charge of [disability] discrimination with the [EEOC] before bringing the suit [in federal court.]" Brant v. Principal Life and Disability Ins. Co., 6 Fed.Appx. 533, 2001 WL 432235, **1 (8th Cir. Apr. 30, 2001) (citing McSherry, 81 F.3d 739, 740 n.3).

The Eighth Circuit has written that:

> "In determining whether an alleged discriminatory act falls within the scope of a [discrimination] claim, the administrative complaint must be construed liberally 'in order not to frustrate the remedial purposes of [the ADA and the ADEA]' and the plaintiff may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." Nichols v. Am. Nat. Ins. Co., 154 F.3d 875, 886-87 (8th Cir. 1998) (citations and internal citations omitted). "Accordingly, the sweep of any subsequent judicial complaint may be as broad as the scope of the EEOC 'investigation which could reasonably be expected to grow out of the charge of discrimination.'" Cobb Stringer, 850 F.2d 356, 359 (8th Cir. 1998) (citation omitted). Allegations outside the scope of the EEOC charge, however, circumscribe the EEOC's investigation and conciliatory role, and for that reason are not allowed. Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 223 (8th Cir. 1994).

Kells v. Sinclair Buick-GMC Truck, Inc., 210 F.3d 827, 836 (8th Cir. 2000).

As noted above, plaintiff filed her first discrimination charge with the EEOC on September 19, 2006. Because a copy of that charge is not part of the record in this case, the Court cannot determine whether it asserted an ADA harassment claim. Plaintiff attached a copy of her June 12, 2008 EEOC/MCHR charge of discrimination to her complaint. On the charge form, plaintiff checked only the boxes for "retaliation" and "disability." Moreover, the 2008 charge contains no

allegations of harassment based on plaintiff's alleged disability.  There is no indication that the EEOC investigated or attempted to conciliate any claim of harassment based on plaintiff's disability, or that such a claim would reasonably be expected to grow out of the investigation of the claims set forth in plaintiff's 2008 charge.  The Court finds that plaintiff has failed to exhaust administrative remedies with respect to her harassment claim.  As such, the Court will dismiss plaintiff's ADA harassment claim against CTWG.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss plaintiff's complaint [Doc. #1] is **granted in part and denied in part**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 6th day of April, 2010.